UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA,

vs.                                               Case No.: 5:21-cr-00019-MW-MJF

SANTIAGO RODRIGUEZ-POMPA,

    Defendant.

_____/

## MOTION TO WITHDRAW GUILTY PLEA
## WITH INCORPORATED MEMORANDUM OF LAW

Pursuant to Fed.R.Crim.P. 11(d)(2)(B), Mr. Rodriguez-Pompa moves the Court to allow him to withdraw his guilty plea. Mr. Rodriguez-Pompa presents a fair and just reason for requesting his plea be withdrawn. Allowing a defendant to withdraw a guilty plea is within this Court's discretion. In support thereof, Mr. Rodriguez-Pompa offers the following:

1. The Government indicted Mr. Rodriguez-Pompa on June 15, 2021. Mr. Rodriguez-Pompa was indicted for one count of violating Title 8, United States Code, Sections 1326(a) and 1326(b)(1). In colloquial terms, Mr. Rodriguez-Pompa was indicted for an illegal reentry.

2. Mr. Rodriguez-Pompa was represented by counsel. As a Spanish speaker, Mr. Rodriguez-Pompa's case was also assigned to an interpreter.

3. The initial appearance was held on June 30, 2021. Seven weeks later, Mr. Rodriguez-Pompa entered his guilty plea at Noon EDT on August 18, 2021. Sentencing is scheduled for November 5, 2021.

4. Unbeknownst to Mr. Rodriguez-Pompa, or to his counsel, or the Court, on the same day as the plea, and almost certainly after the plea was entered, the United States District Court, District of Nevada, rendered an order declaring Title 8, United States Code, Sections 1326(a) and

1

1326(b) unconstitutional.  A copy of that order is attached hereto in an appendix.

5.  When he entered his plea on August 18, Mr. Rodriguez-Pompa was unaware that another District Court had ruled the only statute to which he pled had been deemed unconstitutional by another District Court.

6.  When he entered his plea on August 18, Mr. Rodriguez-Pompa was unaware of the racial animus which underlies Title 8, United States Code, Sections 1326(a) and 1326(b).  Mr. Rodriguez-Pompa was unaware that Congress had twice, in 1929 and in 1952, adopted the language of Title 8, United States Code, Sections 1326(a) and 1326(b) while motivated by discriminatory intent.  When he entered his plea on August 18, Mr. Rodriguez-Pompa was unaware that the Government, albeit in a District of Nevada prosecution, had conceded to Congress' discriminatory intent in the original, 1929 implementation of the statute.

7.  The rendition of the order of the District Court of Nevada is a sufficient, fair and just reason for allowing Mr. Rodriguez-Pompa to withdraw his guilty plea.  Mr. Rodriguez-Pompa wishes to withdraw his guilty plea so he can bring a motion to dismiss his indictment on grounds that the statute he is charged with violating is unconstitutional.  Such an argument is an assertion of legal innocence.

8.  Only after entering his guilty plea did Mr. Rodriguez-Pompa learn about the District of Nevada decision and the history of 8 U.S.C. 1326.  Mr. Rodriguez-Pompa thereafter had family members, who had also learned of the District of Nevada decision and the discriminatory intent underlying the law, agree to retain counsel in order to challenge the constitutionality of the law.

## MEMORANDUM OF LAW

Allowing a defendant to withdraw a guilty plea is within the discretion of this Court.  *United States v. Freixas*, 332 F.3d 1314, 1316 (11th Cir.2003); *United States v. Buckles*, 843

F.2d 469, 471 (11th Cir. 1988). Pre-sentence motions to withdraw pleas should be liberally construed but a defendant enjoys no absolute right to withdraw a guilty plea before sentencing. *United States v. McCarty*, 99 F.3d 383, 385 (11th Cir. 1996).

After accepting a plea and before sentencing, a defendant may withdraw a guilty plea if "the defendant can show a fair and just reason for requesting the withdrawal." Fed.R.Crim.P. 11(d)(2)(B). In determining whether the defendant has met his burden to show a "fair and just reason," this Court "may consider the totality of the circumstances surrounding the plea." *United States v. Buckles*, 843 F.2d 469, 471–72 (11th Cir.1988). In the course of this inquiry, the appropriate considerations include "(1) whether close assistance of counsel was available; (2) whether the plea was knowing and voluntary; (3) whether judicial resources would be conserved; and (4) whether the government would be prejudiced if the defendant were allowed to withdraw his plea." Id. at 472 (citations omitted). "The good faith, credibility and weight of a defendant's assertions in support of a motion [to withdraw a guilty plea] are issues for the trial court to decide." Id.

Other factors may also weigh in the balance. This Court may consider, for example, "the plausibility and weight of the reason given for the withdrawal, the timing of the request, whether the defendant is now colorably asserting legal innocence, and whether the original plea was pursuant to a plea agreement." *United States v. Aker*, 181 F.3d 167, 170 (1st Cir. 1999)

Fair and just reasons for allowing withdrawal of a plea include intervening circumstances, or any other reason for withdrawing the plea that did not exist when the defendant entered his plea. *United States v. Ortega-Ascanio*, 376 F.3d 879, 883 (9th Cir. 2004). Mr. Rodriguez-Pompa suggests that *Ortega-Ascanio* is the closest factual Circuit Court case. In that case, the Ninth Circuit was asked to decide:

…whether a defendant establishes a "fair and just reason" for withdrawing a plea

3

when he seeks to withdraw his plea before sentencing so that he can move to dismiss his indictment based on an intervening United States Supreme Court decision. In the circumstances of this case, we answer yes.

Id. at 881.

The Ninth Circuit relied on the Advisory Committee Notes (1983 Amendments) to the prior Fed R. Crim. P. 32(d) which stated that whether the defendant has asserted his legal innocence is an important factor to consider in deciding a motion to withdraw a guilty plea. Id. at 883-84.  The opinion also relied on the 1983 Advisory Committee Notes to establish that the "fair and just reason" standard was "more generous" than the standard that applies during a post-sentencing attack on a plea as invalid. Id. at 884-85.

As a counter example, in a case without any intervening legal development, Mr. Rodriguez-Pompa cites to *United States v. Brehm*, 442 F.3d 1291 (11th Cir. 2006).  Mr. Brehm sought to withdraw a guilty plea because of a history of schizophrenia and a relapse which prevented him from understanding the nature of the constitutional protections he was waiving and the charges he faced.  Mr. Brehm suffered from schizophrenia prior to the change of his plea and at the time he filed his motion to withdraw.

> [T]he district court found that: (1) Brehm was represented by counsel; (2) Brehm's guilty plea was voluntary, he was competent to understand the indictment, and he acknowledged waiving his rights to a jury trial; (3) sufficient judicial resources had been expended in Brehm's case in that he had been granted three continuances of his sentencing; and (4) the government would be prejudiced by the withdrawal because the plea had been taken over eight months previously, causing the government to limit its investigation in establishing Brehm's guilt. Further, Brehm conceded at his plea colloquy that he understood the minimum and maximum penalties of his sentence as well as the court's authority to impose a sentence above or below the guideline range and that he was satisfied with his counsel's representation.

*Brehm*, 442 F.3d at 1298–99.

Mr. Rodriguez-Pompa's case differs from *United States v. Brehm*, 442 F.3d 1291 (11th Cir. 2006) in multiple, material aspects.  Initially Mr. Rodriguez-Pompa is requesting an

opportunity to assert his legal innocence based on authority which was not available to him nor known by him at the time he entered his plea. This differs from Mr. Brehm who wished to withdraw his plea while claiming, after an extensive colloquy, that he misunderstood the plea's consequences. Secondly Mr. Rodriguez-Pompa makes the instant motion timely and has not expended judicial resources by taking any continuances as opposed to Mr. Brehm who took three continuances of his sentencing prior to seeking withdrawal. Finally, the Government will not suffer any prejudice in allowing Mr. Rodriguez-Pompa to withdraw his plea as there is no indication that the Government's investigation has been limited by Mr. Rodriguez-Pompa entering a guilty plea seven weeks after initial appearance.

Mr. Rodriguez-Pompa acknowledges that the District of Nevada decision does not carry binding precedential effect. *McGinley v. Houston*, 361 F.3d 1328, 1331 (11th Cir.2004). However, Mr. Rodriguez-Pompa requests herein an opportunity to move to dismiss his indictment on grounds that the statute he is charged with violating is unconstitutional. The instant motion requests the defendant be allowed an opportunity to create his own binding precedent. Denying him that opportunity would deny him the chance to fight his case merely because the decision on which he relies was rendered on the day he was in court entering his plea. Stated differently, denying the instant motion places Mr. Rodriguez-Pompa in a materially different legal position than an individual who had his plea hearing docketed on August 19, 2021. Mr. Rodriguez-Pompa is compelled to cite to *United States v. Ensminger*, 567 F.3d 587 (9th Cir. 2009) which distinguishes *United States v. Ortega-Ascanio*, 376 F.3d 879 (9th Cir. 2004) on the basis of the source of the intervening legal development. Even the *Ensminger* opinion holds that this Court's review of the legal authority lies at the heart of this Court's deliberation of what may constitute Mr. Rodriguez-Pompa's fair and just reason. Mr. Rodriguez-Pompa's legal authority is contained in the attached Appendix. The *Ensminger* opinion closes

by acknowledging that the decision to allow withdrawal of a plea is solely within the discretion of the district court. Mr. Rodriguez-Pompa requests this Court exercise its discretion in his favor.

Undersigned counsel has attempted to confer with the Government. The Government opposes the instant motion.

Pursuant to Local Rule 5.1(f)(1); a certificate of service is <u>not</u> necessary. Each party on whom the document will be served is represented by an attorney who will be served through the electronic filing system. Undersigned counsel is sending a copy to the Defendant via US Mail. This document is being filed on September 17, 2021.

                                      Respectfully submitted,

                                      */s/ Luke Newman*

                                      Luke Newman
                                      Luke Newman, P.A.
                                      908 Thomasville Road
                                      Tallahassee, Florida 32303
                                      850.224.4444 (office)
                                      850.224.9335 (fax)
                                      luke@lukenewmanlaw.com
                                      Fla. Bar No. 0859281
                                      Member of the Bar of this Court
                                      *Attorney for the Defendant*