# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA PANAMA CITY DIVISION

**UNITED STATES OF AMERICA**

v.                                                        **CASE NO: 5:21cr19/MEW**

**SANTIAGO RODRIGUEZ-POMPA**
a/k/a "Arturo Sanchez-Perez"
_____/

## RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO WITHDRAW GUILTY PLEA

COMES NOW, the United States of America, by and through the undersigned Assistant United States Attorney, and files this response to Defendant's Motion to Withdraw Guilty Plea with Incorporated Memorandum of Law. (Doc. 31). For the reasons set forth below, the Court should deny Defendant's motion because the development of non-binding authority is not a fair and just reason to withdraw his plea.

## FACTS

On June 15, 2021, Defendant was indicted for illegally reentering the United States, after having been excluded, deported, and removed eight (8) prior times, in violation of Title 8, United States Code, Sections 1326(a) and 1326(b)(1). (Doc. 1). In the presence of his attorney and aided by an interpreter, the Defendant

1

entered a guilty plea before this Honorable Court on August 18, 2021. (Doc. 23; See also Exh. 1, Transcript of Change of Plea Proceedings Before the Honorable Mark E. Walker, United States Chief District Judge). As part of his guilty plea, Defendant signed a written Plea Agreement and a Factual Basis for Guilty Plea. (Docs. 26 and 27). Prior to accepting Defendant's plea, the Court confirmed that Defendant had spoken with his counsel, that counsel had answered all of his questions, and that Defendant was pleased with his representation. (See Exh. 1, p. 4). The Court ensured that Defendant was not pressured to enter a plea and that he was entering the plea of his own free will. (Id. at 5). To effectively evaluate his competence and to determine whether his plea was knowing and voluntary, the Court questioned Defendant regarding his physical and mental condition and advised Defendant of the nature and consequences of such a plea, including his right to trial. (Id. at 8-9). The Court advised Defendant of the charge against him and the maximum possible sentence. (Id. at 11). As part of the plea colloquy, this Court also advised Defendant that by entering a plea of guilty he was waiving any defenses that he might have. (Id. at 9-10).

> The Court: I don't know if you have defenses to these charges or not. If you do, by entering this plea you waive those defenses. Also, if you enter a plea today, you are admitting your guilt to these charges. You, therefore, waive your right to go to a higher court, that is, appeal, your guilt or innocence. Do you understand that?

The Defendant:    Yes.

(Id.)   At the conclusion of the hearing, the Court asked Defendant, "Mr. Rodriguez, knowing the rights you give up, not the least of which is the right to trial by jury, how do you wish to plead?"   (Id. at 18).   The Defendant answered, "Guilty."   (Id.) The Court accepted Defendant's plea, and sentencing was set for November 5, 2021. (Doc. 23).

On September 17, 2021, Defendant filed a motion to withdraw his guilty plea "so he can bring a motion to dismiss his indictment on grounds that the statute he is charged with violating is unconstitutional." (Doc. 31, p. 2).   Defendant offers no argument or legal authority supporting such a claim, other than attaching a non-binding order issued by the Nevada District Court as an example of an "intervening legal development."   (Doc. 31, p. 5).   Prior to Defendant's plea, this precise constitutional challenge had been raised and rejected in multiple district courts.   *See U.S. v Palacios-Arias*, No. 3:20cr62, Doc. 37 (E.D. Va. October 13, 2020) (Exh. 2); *U.S. v. Medina Zepeda*, No. 2:20cr57, Doc. 33 (C.D. Cal. January 5, 2021) (Exh. 3); *U.S. v. Gutierrez-Barba*, No. 2:19cr1224, Doc. 105 (D. Az. May 25, 2021) (Exh. 4); *U.S. v. Wence*, No. 3:20cr27, Doc. 79 (D. V.I. June 16, 2021) (Exh. 5); *U.S. v. Machic-Xiap*, No. 3:19cr407, Doc. 57 (D. Or. August 3, 2021) (Exh. 6).

## LAW AND ARGUMENT

A defendant may withdraw a guilty plea before a sentence is imposed if the defendant shows a "fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). This rule does not impose an absolute right to withdraw a guilty plea, instead the decision is "left to the sound discretion of the trial court." *United States v. Buckles*, 843 F.2d 469, 471 (11th Cir. 1988). To determine whether a defendant has shown a fair and just reason for withdrawal, a court examines the totality of the circumstances, including: "(1) whether close assistance of counsel was available; (2) whether the plea was knowing and voluntary; (3) whether judicial resources would be conserved; and (4) whether the government would be prejudiced if the defendant were allowed to withdraw his plea." *Id*. at 472 (citations omitted). While a court may consider prejudice to the Government, it need not find prejudice before it can deny a defendant's motion to withdraw. *Id.* at 474. Indeed, if a defendant fails to satisfy the first two factors, the court need not "give particular attention" to the remaining factors. *United States v. Gonzalez-Mercado*, 808 F.2d 796, 801 (11th Cir. 1987). Moreover, the defendant bears the burden to demonstrate fair and just reasons for withdrawal of the plea. *See United States v. Brehm*, 442 F.3d 1291, 1298 (11th Cir. 2006).

Defendant has not met that burden. This Court conducted a thorough change of plea hearing, which included extensive inquiry into the core concerns of Rule 11 of the Federal Rules of Criminal Procedure. The Court established that the plea was free from coercion and that Defendant understood the nature of the charges and the consequences of the plea. Specifically, this Court confirmed that Defendant was aware that by entering a guilty plea he was waiving any defense that he had. Defendant was provided the close assistance of counsel and an interpreter. The Plea Agreement and Statement of Facts, which were reviewed and signed by Defendant, also ensured that Defendant was aware of the nature of the charges and that he understood the consequences of a guilty plea. In fact, Defendant's motion to withdraw his guilty plea does not assert that he was denied the assistance of close counsel or that he was unaware of the nature of the charges or the consequences of his plea. Instead, Defendant's motion is based solely on a recent non-binding order of a court located in a different district and circuit. Defendant claims that "the order of the District Court of Nevada is sufficient, fair and just reason for allowing Mr. Rodriguez-Pompa to withdraw his guilty plea." Defendant wishes to withdraw his guilty plea solely so that he may file a motion to dismiss the indictment on grounds that Section 1326 is unconstitutional. The Government disagrees.

Defendant relies heavily on *United States v. Ortega-Ascanio*, 376 F.3d 879, 881 (9th Cir. 2004), which held that an intervening United States Supreme Court decision changing the law provided sufficient grounds for a defendant to withdraw his plea. In contrast, Defendant relies on a non-binding district court case that held Section 1326 unconstitutional on the same day that Defendant entered his plea. Defendant claims that the timing of this non-binding order supplies a reason to allow him to withdraw his plea so that he may file a motion to dismiss his indictment. Defendant is incorrect. Clearly, Defendant's situation is distinguishable because the Nevada District Court order is not binding authority. In fact, the Ninth Circuit has itself since held that the development of non-binding authority does not change the law or constitute intervening circumstances sufficient to allow a defendant to withdraw a guilty plea. *See United States v. Ensminger*, 567 F.3d 587, 591, 594 (9th Cir. 2009) (distinguishing *Ortega-Ascanio*).

> A marked shift in governing law that gives traction to a previously foreclosed or unavailable argument may operate as a fair and just reason to withdraw a guilty plea. *A development in non-binding authority such as a district court decision in another circuit, by contrast, is not a change in the law in this sense and therefore does not constitute "intervening circumstances" satisfying a defendant's burden under Rule 11(d)(2)(B).*

*Id.* at 592 (emphasis added).

As is the case here, the *Ensminger* court noted that there was no precedent from the defendant's circuit, the United States Supreme Court, or even the defendant's district that prevented him from timely challenging the statute before his plea. *Id.* As is also the case here, challenges to the statute had been explored by other defendants and courts when the defendant entered his plea. *Id.* The court stated that the defendant relinquished many rights by pleading guilty, including the right to challenge the validity of the charge, and could not now change his mind solely because prior decisions had rejected the basis for the challenge. *Id.* at 593. Defendant's situation is identical. The Nevada District Court order is not binding on this Court. The argument outlined in the order is neither meritorious nor novel, as several other district courts have consistently upheld the constitutionality of Section 1326 when faced with similar arguments. *See U.S. v Palacios-Arias*, No. 3:20cr62, Doc. 37 (E.D. Va. October 13, 2020) (Exh. 2); *U.S. v. Medina Zepeda*, No. 2:20cr57, Doc. 33 (C.D. Cal. January 5, 2021) (Exh. 3); *U.S. v. Gutierrez-Barba*, No. 2:19cr1224, Doc. 105 (D. Az. May 25, 2021) (Exh. 4); *U.S. v. Wence*, No. 3:20cr27, Doc. 79 (D. V.I. June 16, 2021) (Exh. 5); *U.S. v. Machic-Xiap*, No. 3:19cr407, Doc. 57 (D. Or. August 3, 2021) (Exh. 6) (upholding Section 1326 as constitutional); *see also U.S. v. Ruiz-Rivera*, No. 3:20mj20306, Doc. 61 (S.D. Cal. September 2, 2020) (Exh. 7); *U.S. v. Rios-Montano*, No. 3:19cr2123, Doc. 82 (S.D.

Cal. December 8, 2020) (Exh. 8) (upholding Section 1325 as constitutional on similar grounds).

Defendant should not be permitted to withdraw his plea where there has been no change in the law simply because he would now like to assert an argument that was available to him at the time his plea was entered. As was well-articulated by the court in *Ensminger*, "The guilty plea is not a placeholder that reserves [Defendant's] right to our criminal system's incentives for acceptance of responsibility unless or until a preferable alternative later arises. Rather it is a 'grave and solemn act,' which is 'accepted only with care and discernment.' Once the plea is accepted, permitting withdrawal is, as it ought to be, the exception, not an automatic right." *Id.* at 593 (quoting *United States v. Hyde*, 520 U.S. 670, 677, 117 S.Ct. 1630, 137 L.Ed.2d 935 (1997)).

Additionally, judicial resources would be conserved by holding Defendant to his knowing and voluntary plea, especially where his only assertion is the possibility of a meritless constitutional claim. At this point, Defendant's appropriate course is to file a direct appeal. A defendant may argue on appeal that

a statute is unconstitutional even if he pleaded guilty. *See Class v. United States*, 138 S. Ct. 798, 803, 200 L. Ed. 2d 37 (2018).[1]

In his motion to withdraw his plea, Defendant did not make any argument regarding why Section 1326 is unconstitutional. Instead, he only moved to withdraw his plea so that he could file a motion to dismiss the indictment. For all the reasons set forth above, Defendant knowingly and freely pleaded guilty, and the Court should not allow him to withdraw his plea to file a motion challenging the constitutionality of Section 1326.

Assuming for the sake of argument that the Court rejects the Government's position in this response and is inclined to hear Defendant's untimely constitutional challenge, the Court should deny Defendant's motion without prejudice to allow him to file a motion to withdraw his plea that fully sets forth his argument as to why he believes the statute is unconstitutional. That way, the Government can provide a thorough response and the Court can better evaluate the soundness of the parties'

---

[1] It is the Government's position that the Court of Appeals would review the constitutional challenge for plain error. *See United States v. Vereen*, 920 F.3d 1300, 1312 (11th Cir. 2019); *United States v. Garcia*, 906 F.3d 1255, 1263, 1266 (11th Cir. 2018).

full and developed arguments regarding the constitutionality of Section 1326.[2]

For the reasons stated above, Defendant has failed to provide a fair and just reason to withdraw his plea. The Government requests that the Court deny Defendant's motion.

Respectfully submitted,

JASON R. COODY
Acting United States Attorney

/s/ Amanda Gordon

AMANDA GORDON
Assistant United States Attorney
Northern District of Florida
Florida Bar No. 377340
21 East Garden Street, Suite 400
Pensacola, Florida 32502
Phone: 850.444.4000
Email: amanda.gordon@usdoj.gov

---

[2] If the Court were to allow Defendant to withdraw his plea and ultimately find, as the Government contends and the District Courts cited herein have found, that Section 1326 is constitutional, then the Court would be left without an otherwise valid plea. Judicial resources would be wasted and the Government prejudiced.

## CERTIFICATE OF WORD COUNT COMPLIANCE

I HEREBY CERTIFY there are 2122 words in this response in opposition filed by the Government.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel for Defendant, on this 27th day of September, 2021.

*/s/ Amanda Gordon*
AMANDA GORDON
Assistant United States Attorney