**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PANAMA CITY DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) Case No: 5:21cr19 |
| | ) |
| v. | ) Tallahassee, Florida |
| | ) August 18, 2021 |
| SANTIAGO RODRIGUEZ-POMPA, | ) |
| aka ARTURO SANCHEZ-PEREZ | ) 12:10 PM |
| | ) |
| Defendant. | ) |
| _____ | ) |

**TRANSCRIPT OF CHANGE OF PLEA PROCEEDINGS**
**BEFORE THE HONORABLE MARK E. WALKER**
**UNITED STATES CHIEF DISTRICT JUDGE**
**(Pages 1 through 20)**

APPEARANCES:

For the Government:        United States Attorney's Office
                              By: JUSTIN M. KEEN
                              Assistant U.S. Attorney
                              justin.keen@usdoj.gov
                           111 North Adams Street
                           Fourth Floor
                           Tallahassee, Florida 32301


For the Defendant:         Federal Public Defender's Office
                           By:  RANDOLPH P. MURRELL
                                Federal Public Defender
                                randolph_murrell@fd.org
                           227 N. Bronough Street, Suite 4200
                           Tallahassee, Florida 32301


Court Reporter:            MEGAN A. HAGUE, RPR, FCRR, CSR
                           111 North Adams Street
                           Tallahassee, Florida 32301
                           850.422.0011 megan.a.hague@gmail.com

*Proceedings reported by stenotype reporter.*
*Transcript produced by Computer-Aided Transcription.*

**P R O C E E D I N G S**

(Call to Order of the Court at 12:10 PM on Wednesday, August 18, 2021.)

THE COURT: We are here in Case No. 5:21cr19, United States versus Rodriguez. I have Mr. Murrell on behalf of the defendant. The defendant is present together also with an interpreter. And I have Mr. Keen on behalf of the government.

Mr. Keen, is the government ready to proceed?

MR. KEEN: Yes, Your Honor.

THE COURT: Mr. Murrell, is the defense ready to proceed?

MR. MURRELL: Yes, sir.

THE COURT: Let me address the interpreter briefly.

Ms. Sadler, if you'll raise your right hand.

(The Interpreter, Tonya Sadler, was duly sworn by the Court.)

THE COURT: I'm holding up a copy of an interpreter's written oath.

Is that your signature?

THE INTERPRETER: It is.

THE COURT: And by signing that oath, do you now reaffirm, that is, swear that you will follow the outlines of that written oath?

THE INTERPRETER: I do.

THE COURT: All right. We've got the interpreter's

1  written oath and the order of designation appointing Ms. Sadler
2  to be the interpreter in these proceedings.  Both of those
3  documents will be filed and docketed by the courtroom deputy.
4         Mr. Rodriguez, if you are able to understand what the
5  interpreter is saying, please raise your right hand.
6         The record will reflect that Mr. Rodriguez raised his
7  right hand.
8         Mr. Rodriguez, do you agree to let me know if at any
9  point you need us to slow down or you need the interpreter to do
10 something differently?
11        If so, please raise your right hand.
12        Again, the record will reflect that Mr. Rodriguez
13 raised his right hand.
14        I need you now to raise your right hand,
15 Mr. Rodriguez, because I'm going to administer an oath.
16     (Defendant was duly sworn by the Court.)
17        THE DEFENDANT:  Yes, I do.
18        THE COURT:  I asked you before you were placed under
19 oath and I'll ask you again, are you able to understand the
20 interpreter, just fine?
21        If so, let me know.
22        THE DEFENDANT:  Yes.
23        THE COURT:  Is the headset and the equipment working
24 just fine?
25        THE DEFENDANT:  Yes.

1             THE COURT:  You are here for a plea today.
2             Have you had enough time to talk to your lawyer about
3    the decision to enter a plea?
4             THE DEFENDANT:  Yes.
5             THE COURT:  Has he answered all your questions?
6             THE DEFENDANT:  Yes.
7             THE COURT:  Are you well pleased with his
8    representation?
9             THE DEFENDANT:  Yes.
10            MR. MURRELL:  Judge, I might interject we've had some
11   ongoing questions about exactly what his guideline range is, and
12   I've told him I will continue to investigate that.  I've
13   estimated it, but I told him I would do some more work on it as
14   well.
15            THE COURT:  And we'll talk about it in a bit.
16            But, Mr. Rodriguez, you understand that your lawyer's
17   guideline estimate is simply that, it's an estimate?
18            Do you understand that?
19            THE DEFENDANT:  Yes.
20            THE COURT:  And are you entering the plea today based
21   on a particular guideline range?
22            In other words, are you conditioning your plea on the
23   fact that your lawyer has gotten it right based on his estimate?
24            THE DEFENDANT:  Yes.
25            THE COURT:  All right.  Well, let me explore that,

1  then.
2            Mr. Rodriguez, do you understand that if your lawyer's
3  estimate is wrong, that is not a legal basis to withdraw your
4  plea?
5            THE DEFENDANT:  Yes, I understand.
6            THE COURT:  Knowing that your lawyer's estimate may
7  not be right, which you have already told me you understand it
8  may not be right, do you still wish to move forward with the
9  plea today?
10           THE DEFENDANT:  Yes.
11           THE COURT:  Is anybody pressuring you or threatening
12 you to get you to do that?
13           THE DEFENDANT:  No.
14           THE COURT:  Have I said or done anything as the judge
15 handling your case to suggest that I'm insisting that we move
16 forward today?
17           THE DEFENDANT:  No.
18           THE COURT:  So are you moving today forward with the
19 plea of your own free will?
20           THE DEFENDANT:  Yes.
21           THE COURT:  Now, you understand you're under oath.  So
22 if you are not truthful and complete in your answers, your
23 answers could be used against you in a separate prosecution for
24 perjury or false statement.
25           Do you understand that?

Case 5:21-cr-00019-MW-MJF   Document 37-1   Filed 09/27/21   Page 6 of 20

6

| | |
|---|---|
| 1 | THE DEFENDANT: Yes. |
| 2 | THE COURT: The purpose of a plea is I've got to ask |
| 3 | you certain questions and tell you certain things to make sure |
| 4 | you plea is being entered into freely and voluntarily and that |
| 5 | there is a factual basis to sustain your plea. |
| 6 | I want to get some background information first. |
| 7 | Other than Santiago Rodriguez-Pompa and Arturo Sanchez-Perez, do |
| 8 | you go by any other names, nicknames, or aliases? |
| 9 | THE DEFENDANT: No, none. |
| 10 | THE COURT: How old are you, sir? |
| 11 | THE DEFENDANT: I'm 31 years old. |
| 12 | THE COURT: What city and state were you arrested in? |
| 13 | THE DEFENDANT: In Florida, Panama City. |
| 14 | THE COURT: Are you married? |
| 15 | THE DEFENDANT: Not legally, no. |
| 16 | THE COURT: So you do have a significant other? |
| 17 | THE DEFENDANT: Yes. |
| 18 | THE COURT: Here in the United States? |
| 19 | THE DEFENDANT: Yes. |
| 20 | THE COURT: Do you have children? |
| 21 | THE DEFENDANT: Yes. |
| 22 | THE COURT: How many? |
| 23 | THE DEFENDANT: Three. |
| 24 | THE COURT: They also here in the United States? |
| 25 | THE DEFENDANT: No, only two of them. |

1              THE COURT:  Other than your children and your
2    significant other, is there anyone else dependent upon you for
3    financial support?
4              THE DEFENDANT:  My mother.
5              THE COURT:  How far did you go in school?
6              THE DEFENDANT:  When I was little, three years, but
7    then I finished elementary and secondary school.
8              THE COURT:  Do you speak some English?
9              THE DEFENDANT:  Yes, a little bit.
10             THE COURT:  Did you ever serve in the military?
11             THE DEFENDANT:  No.
12             THE COURT:  What type of work have you done?
13             THE DEFENDANT:  Framing, construction work.
14             THE COURT:  You've entered a plea before and been in a
15   court such as this before; is that correct?
16             THE DEFENDANT:  Yes.
17             THE COURT:  So this is not the first time you've gone
18   through this process?
19             THE DEFENDANT:  No.
20             THE COURT:  You are familiar with the process and
21   you've gone through a similar exchange such as this on a prior
22   occasion; is that correct?
23             THE DEFENDANT:  Yes.
24             THE COURT:  Have you ever been treated for any mental
25   illness?

Case 5:21-cr-00019-MW-MJF   Document 37-1   Filed 09/27/21   Page 8 of 20

8

```
 1                  THE DEFENDANT:  No.
 2                  THE COURT:  As you stand before me now, do you believe
 3      you suffer from any mental illness?
 4                  THE DEFENDANT:  No.
 5                  THE COURT:  Have you consumed any drugs or alcohol in
 6      the last 24 hours?
 7                  THE DEFENDANT:  No.
 8                  THE COURT:  Are you taking any sort of medication for
 9      anything?
10                  THE DEFENDANT:  No.
11                  THE COURT:  Is there anything going on, a lack of
12      sleep or a family tragedy, anything at all that's impacting your
13      ability to think clearly and rationally?
14                  THE DEFENDANT:  No.
15                  THE COURT:  Mr. Murrell, do you have any questions or
16      concerns whatsoever regarding Mr. Rodriguez's competency to
17      enter a plea?
18                  MR. MURRELL:  No, sir.
19                  THE COURT:  Mr. Rodriguez, the next thing I want to do
20      is talk about the rights you give up by entering a plea.
21                  You have the right to a trial by jury.  You have the
22      right to have -- force the government to prove the case against
23      you.  The burden is on the government and the burden is high.
24      The government has to prove your guilt beyond a reasonable
25      doubt.
```

1        You have the right to confront, that is cross-examine,
2   the government's witnesses. You have the right to call your own
3   witnesses. If somebody doesn't want to attend, you can compel
4   their attendance.
5        You have the absolute right to remain silent. You do
6   not have to testify at trial. And whether you do or do not
7   speak at trial, that would be your decision. You are the
8   captain of the ship in that regard.
9        You also have a right to a lawyer. If you enter a
10  plea today and I accept your plea, with the exception of a right
11  to a lawyer, you waive, that is you give up, all those rights.
12  I said "with the exception of the right to a lawyer" because
13  you'll continue to have the right to a lawyer as we continue
14  through these proceedings, including sentencings.
15       Do you understand you are giving up those rights if
16  you enter this plea?
17       THE DEFENDANT: Yes.
18       THE COURT: I don't know if you have any defenses to
19  these charges or not. If you do, by entering this plea you
20  waive those defenses.
21       Also, if you enter a plea today, you are admitting
22  your guilt to these charges. You, therefore, waive your right
23  to go to a higher court, that is, appeal, your guilt or
24  innocence.
25       Do you understand that?

```
 1                THE DEFENDANT:  Yes.
 2                THE COURT:  While you give up the right to appeal your
 3   guilt or innocence, you could appeal and can appeal whatever
 4   sentence I impose.
 5                Do you understand the difference?
 6                THE DEFENDANT:  Yes.
 7                THE COURT:  Do you have any questions about the rights
 8   you give up by entering a plea?
 9                THE DEFENDANT:  No.
10                THE COURT:  Mr. Rodriguez, you're from Mexico;
11   correct?
12                THE DEFENDANT:  Yes.
13                THE COURT:  And you do not have duel citizenship in
14   the United States; correct?
15                THE DEFENDANT:  No.
16                THE COURT:  Do you understand that once you enter this
17   plea and you serve whatever sentence I impose, you are going to
18   be deported?
19                Do you understand that?
20                THE DEFENDANT:  Yes.
21                THE COURT:  And you've discussed that with your
22   lawyer?
23                THE DEFENDANT:  Yes.
24                THE COURT:  And you understand that's one of the
25   consequences of entering a plea?
```

1       THE DEFENDANT:  Yes.
2       THE COURT:  In this case you were charged with one
3  count of illegal reentry by a removed alien.
4       Do you understand the charges against you?
5       THE DEFENDANT:  Yes.
6       THE COURT:  You face a maximum of ten years'
7  imprisonment, a maximum of three years on supervised release, up
8  to a $250,000 fine, and a $100 special monetary assessment.
9       Do you understand the maximum penalties associated
10 with this offense?
11      THE DEFENDANT:  Yes.
12      THE COURT:  When I say "supervised release," do you
13 understand that that's the same thing as probation?
14      THE DEFENDANT:  Yes.
15      THE COURT:  And I don't mean the same thing
16 technically.  I mean that it's like state probation.
17      Do you understand that?
18      THE DEFENDANT:  Yes.
19      THE COURT:  And do you understand if you are on
20 supervised release, violate the terms of your supervised
21 release, you can be sent back to prison?
22      THE DEFENDANT:  Yes.
23      THE COURT:  I also need to advise you that parole has
24 been abolished in the federal system.  You will not be released
25 early from federal prison on parole.

```
 1                Do you understand that?
 2                THE DEFENDANT:  Yes.
 3                THE COURT:  All right.  Mr. Rodriguez, just like I
 4   told you, you are going to be deported if you enter this plea.
 5   I didn't say you might be because I can't imagine there is any
 6   other alternative.
 7                I also want to advise you, it's highly unlikely you
 8   are going to be placed on supervised release.  Typically I'll
 9   impose whatever sentence I'm going to impose, whether it's short
10   or long, time served or years, whatever it is:  I typically
11   would give somebody who is going to be deported a term of
12   imprisonment and then have them deported as opposed to serving
13   time on supervised release.
14                Do you understand that?
15                THE DEFENDANT:  Yes.
16                THE COURT:  I was handed plea documents:  A plea
17   agreement, a supplement, and a statement of facts.  Each of
18   those documents appears to bear your signature.
19                Did you sign all three of those documents?
20                THE DEFENDANT:  Yes.
21                THE COURT:  Did you do so of your own free will?
22                THE DEFENDANT:  Yes.
23                THE COURT:  Has anyone pressure you, threaten you, or
24   coerce you to get you to enter a plea?
25                THE DEFENDANT:  No.
```

Case 5:21-cr-00019-MW-MJF   Document 37-1   Filed 09/27/21   Page 13 of 20

13

1    THE COURT: Did anyone threatened you, forced you,
2  coerced you, or intimidated you to get you to sign those
3  documents?
4    THE DEFENDANT: No.
5    THE COURT: Did you have enough time to discuss those
6  documents with your lawyer?
7    THE DEFENDANT: Yes.
8    THE COURT: Do you need to discuss them further with
9  him at this time?
10    THE DEFENDANT: No.
11    THE COURT: All right. I'm going to have all three of
12  the original documents filed and docketed by the courtroom
13  deputy.
14    Turning to the plea agreement, the plea agreement says
15  you are going to enter a plea as charged and the government
16  won't charge you with any other crimes arising out of the same
17  transaction or occurrence.
18    Is that your understanding of the agreement?
19    THE DEFENDANT: Yes.
20    THE COURT: The supplement to the plea agreement, the
21  second document, says that you don't have an agreement to
22  cooperate with the government. Is that correct?
23    THE DEFENDANT: Yes.
24    THE COURT: The plea agreement and the supplement, is
25  that your entire agreement, those two documents, with the

1    government?

2            THE DEFENDANT:  Yes.

3            THE COURT:  Has anybody promised you anything else to
4    get you to enter a plea?

5            THE DEFENDANT:  No.

6            THE COURT:  Mr. Murrell, can you assure me there are
7    no other agreements?

8            MR. MURRELL:  Yes, sir, I do.

9            THE COURT:  Mr. Keen?

10           MR. KEEN:  Not to my knowledge, Your Honor, no.

11           THE COURT:  Let me briefly say, the plea agreement,
12   Mr. Rodriguez, refers to the fact that I've got to take the
13   sentencing guidelines into account when sentencing you.

14           Do you understand that?

15           THE DEFENDANT:  Yes.

16           THE COURT:  Do you understand the sentencing
17   guidelines are a range in months?

18           THE DEFENDANT:  Yes.

19           THE COURT:  If I accept your plea today, I'm going to
20   order probation to prepare a presentence report.  Part of that
21   report will contain a section setting out what probation
22   believes is the appropriate guideline calculation.  You'll get
23   to review that report with your lawyer and you can file
24   objections.  The government can also file objections.  I will
25   then rule on any objections at sentencing.  And then, and only

1    then, will we know definitively what your guideline range is.
2             Do you understand that process?
3             THE DEFENDANT:  Yes.
4             THE COURT:  And do you understand because we haven't
5    gone through that process, that's why no one can tell you
6    exactly what your guideline range is?
7             Do you understand that?
8             THE DEFENDANT:  Yes.
9             THE COURT:  At this point it may be an educated guess,
10   but it's still a guess.
11            Do you understand that?
12            THE DEFENDANT:  Yes.
13            THE COURT:  Do you understand I am not bound by
14   whatever estimate Mr. Murrell has given you?
15            THE DEFENDANT:  Yes.
16            THE COURT:  Do you understand that if Mr. Murrell's
17   estimate is wrong, that is not a legal basis to withdraw your
18   plea?
19            THE DEFENDANT:  Yes, I understand.
20            THE COURT:  Also, I need to advise you that I can
21   sentence you both below the guideline range and above the
22   guideline range.
23            Do you understand that?
24            THE DEFENDANT:  Yes.
25            THE COURT:  Do you understand if I were to sentence

```
 1   you above the guideline range, that also would not be a legal
 2   basis to withdraw your plea; that is, you don't get to wait and
 3   see what my sentence is and then decide to change your mind?
 4            Do you understand that?
 5            THE DEFENDANT:  Yes.
 6            THE COURT:  I'm holding up a copy of the sentencing
 7   table.  At the top is your criminal history; on the side is the
 8   offense level.  Once we calculate your offense level, as I'm
 9   showing you with my finger -- fingers, plural -- and the
10   criminal history category, we look to see where the two lines
11   intersect, and that box on the table will be your range in
12   months.
13            Do you understand that process generally?
14            THE DEFENDANT:  Yes.
15            THE COURT:  The higher the offense level, the higher
16   the criminal history category, the higher the range in months.
17            Do you understand that?
18            THE DEFENDANT:  Yes.
19            THE COURT:  Do you have any questions for me about the
20   guidelines and how they work?
21            THE DEFENDANT:  No, sir.
22            THE COURT:  Do you have any questions for me about
23   anything we've covered so far?
24            THE DEFENDANT:  No.
25            THE COURT:  The third document labeled "Factual Basis
```

1  for Guilty Plea" on pages 2 and 3 indicate the facts the
2  government would have to prove beyond a reasonable doubt to
3  secure a conviction in this case.  The government would have to
4  prove four things beyond a reasonable doubt:
5           One, that you were an alien, that is, from a foreign
6  country at the time stated in the indictment;
7           Two, that you had been deported, excluded, or removed
8  from the United States;
9           Three, after you were deported, excluded, or removed,
10 you came back in the United States and you did so voluntarily;
11          And, four, that you did not have the consent of the
12 Secretary of Homeland Security for the United States to apply
13 for readmission to the United States.
14          Do you understand the four things the government would
15 have to prove?
16          THE DEFENDANT:  Yes.
17          THE COURT:  Mr. Rodriguez, you are an alien, that is,
18 you are from Mexico; correct?
19          THE DEFENDANT:  Yes.
20          THE COURT:  And not only have you been deported,
21 excluded, or removed from the United States, that's been done a
22 number of times; correct?
23          THE DEFENDANT:  Yes.
24          THE COURT:  And even though you were previously
25 deported, excluded, or otherwise removed from the United States,

1  you knowingly and voluntarily came back in this country; is that
2  correct?
3          THE DEFENDANT:  Yes.
4          THE COURT:  And when you came back into this country,
5  you did not have the consent of the Secretary of Homeland
6  Security for the United States or any other arm of the United
7  States government?
8          THE DEFENDANT:  Yes.
9          THE COURT:  In short, you admit that you illegally
10 reentered the United States?
11         THE DEFENDANT:  Yes.
12         THE COURT:  Do you have any questions at all about
13 anything we've covered?
14         THE DEFENDANT:  No.
15         THE COURT:  Mr. Keen, do you believe anything else is
16 required for purposes of Rule 11?
17         MR. KEEN:  No, Your Honor.
18         THE COURT:  Mr. Murrell?
19         MR. MURRELL:  No, sir.
20         THE COURT:  Mr. Rodriguez, knowing the rights you give
21 up, not the least of which is the right to trial by jury, how do
22 you wish to plead?
23         THE DEFENDANT:  Guilty.
24         THE COURT:  Do you plead guilty because you are, in
25 fact, guilty?

```
 1                THE DEFENDANT:  Yes.
 2                THE COURT:  I find you are alert and intelligent.
 3                I find you understand the nature of the charge against
 4   you.
 5                I find you appreciate the consequences of pleaing
 6   guilty, including the fact that you'll be deported.
 7                I find the facts the government is prepared to prove
 8   have been admitted by you here in open court and by signing the
 9   statement of facts.
10                And I find such facts are sufficient to sustain a plea
11   of guilty and a conviction in this case.
12                I find your decision to plead guilty has been freely
13   and voluntarily made after consulting with a competent lawyer,
14   Mr. Murrell, with whom you say you are well pleased and have no
15   complaints.
16                I accept your plea; I adjudicate you guilty of
17   Count One, and I order a presentence investigation report.
18                You are going to meet with probation.  You have the
19   right to have your lawyer with you when you meet with probation.
20   I encourage you to cooperate.  You need to tell probation
21   information that needs to be included in the report and people
22   to contact.
23                As I mentioned before, you'll have the opportunity to
24   review the report and your lawyer will file objections on your
25   behalf, if any, and I will resolve those objections, if any, at
```

1  sentencing.
2  　　　　Do you have any questions about that process?
3  　　　　THE DEFENDANT:  No.
4  　　　　THE COURT:  Your sentencing is set for November the
5  5th, 2021, at 11 a.m.
6  　　　　Mr. Rodriguez is in custody and shall remain in
7  custody.
8  　　　　Is there anything additional, Mr. Keen?
9  　　　　MR. KEEN:  No, Your Honor.
10 　　　　THE COURT:  Mr. Murrell?
11 　　　　MR. MURRELL:  No, sir.
12 　　　　THE COURT:  All right.  Mr. Rodriguez, good luck to
13 you.  I'll see you back in November.
14 　　　　Court is in recess.
15 　　(Proceedings concluded at 12:36 PM on Wednesday, August 18,
16 2021.)
17 　　　　　　　　　* * * * * * * *
18 　　　　I certify that the foregoing is a correct transcript
   from the record of proceedings in the above-entitled matter.
19 Any redaction of personal data identifiers pursuant to the
   Judicial Conference Policy on Privacy is noted within the
20 transcript.
21
22 /s/ Megan A. Hague                              9/21/2021
23 Megan A. Hague, RPR, FCRR, CSR           Date
   Official U.S. Court Reporter
24
25