UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA,

vs.                                                    Case No.: 5:21-cr-00019-MW-MJF

SANTIAGO RODRIGUEZ-POMPA,

　　Defendant.
_____/

## SUPPLEMENTAL BRIEF

Mr. Rodriguez-Pompa submits this supplemental brief in response to this Court's order rendered on September 30, 2021. In support thereof, Mr. Rodriguez-Pompa offers the following:

The decision rendered by Chief U.S. District Judge Miranda M. Du in the District of Nevada was a novel legal development. This *Carrillo-Lopez* order contains distinct and novel legal analysis. The District of Nevada order is novel due to the breadth and scope of the decision. This particular order is also novel because of the record before the Nevada court and the intricate, historical examination of record evidence which that District undertook.

Initially, it should be acknowledged that at least two of the orders on which the government relies did address the historical background of 8 U.S.C. § 1326 in the context of the 1952 congress. Both *United States v. Machic-Xiap*, Case No.

1

3:19-cr-407-SI, 2021 WL 3362738 (D. Or. Aug. 3, 2021) and *United States v. Wence*, Case No. 3:20-cr-0027, 2021 WL 2463567 (D.V.I. Jun. 16, 2021) examine 8 U.S.C. § 1326 in light of the congressional record from 1952. Undersigned counsel's argument to this Court at hearing on September 29th should have acknowledged this. Both of these two orders were attached to the government's Response in Opposition. (Dkt. 37).

### ARLINGTON HEIGHTS SECOND STEP

The District of Nevada order in *Carrillo-Lopez* is not a novel legal development solely because it acknowledges racial discrimination in the congressional record from 1952. The District of Nevada subsequently travels one step further in its *Arlington Heights* analysis and holds, for the first time, that 8 U.S.C. § 1326 would not have been enacted absent its unfortunate, underlying discriminatory motivations. See generally *Village of Arlington Heights v. Metropolitan Housing Development Corp.*, 429 U.S. 252, 270 n. 21 (1977).

The *Carrillo-Lopez* order from the District of Nevada contains a detailed analysis of the second step of the *Arlington Heights* analysis. Beginning on Page 34 the order holds, for the first time, that 8 U.S.C. § 1326 would not have been enacted absent underlying discriminatory motivation. The order so holds in addition to recognizing that Section 1326 has a disturbing racist history

THOROUGH LEGAL EXAMINATION

The *Carillo-Lopez* order also more thoroughly examines the history of racial discrimination that underlies the current version of 8 U.S.C. § 1326 as adopted in 1952. The government has generally defended 8 U.S.C. § 1326 by relying on its enactment in 1952 as well as subsequent amendments in the 1980s and 90s. The *Carrillo-Lopez* order from the District of Nevada recognizes and explains disturbing racial rhetoric associated with the later, 1952 adoption. The discussion in the *Carrillo-Lopez* order focuses on separate instances of racist rhetoric in the congressional record acknowledged, and eventually discounted in *United States v. Wence*, Case No. 3:20-cr-0027, 2021 WL 2463567 (D.V.I. Jun. 16, 2021). The District of Nevada appears to have been swayed by racist rhetoric injected in the congressional record by an Assistant Attorney General. The order in *Wence* addresses racist statements of seven senators throughout the debate immediately preceding the override of a presidential veto.

The *Carrillo-Lopez* order from the District of Nevada is also important for our purposes because it draws in authority from the 11th Circuit. On page 29 the order examines the issues in light of *Johnson v. Governor of State of Fla.*, 405 F.3d 1214, 1223-26 (11th Cir. 2005). Chief Judge Mu acknowledges that substantive revisions to racist statutory predecessors which meaningfully impact how the law would be enforced may cleanse a statute of its racist origins. Chief Judge Mu

3

eventually finds that the only 1952 change to what is now 8 U.S.C. § 1326 was non substantive, made prosecution easier, and was motivated by the Assistant Attorney General letter which used a racial slur. Id. at 33-34.  Congressional action which has occurred after 1952 has then generally only enhanced criminal penalties.

Judge Mu's order also considers the passage of other legislation by the 1952 Congress which was unfortunately named the "wetback" bill.  This other piece of legislation, passed by the same Congress, reflects that 1952 Congress' racial motivations.  To be clear: Judge Mu's order establishes that the 1952 Congress, which the government argues cleansed the statute, had months earlier passed a "wetback" bill.

The *Carillo-Lopez* order is broader and it examines multiple, additional factors when compared to the orders on which the government relies.  The order focuses from the outset on the modern-day codification of the statute in 1952 and is not limited to the earlier and (also) troubling 1929 record.  The *Carillo-Lopez* order addresses factors discovered that are missing from the other orders.  There is included an extensive examination of President Truman's veto and the U.S. Congress' failure to heed the calls in the associated veto statement.  The order also addresses the Department of Justice's role in the racist history of the legislation, in 1952.

4

CONCLUSION

Because Chief U.S. District Judge Miranda M. Du conducted a full *Arlington Heights* analysis, and because she thoroughly addressed the racist history which surrounded the adoption of 8 U.S.C. § 1326 both in the 1920s and 1950s; the order represents a truly novel legal development on which this Court should rely.

Pursuant to Local Rule 5.1(f)(1); a certificate of service is not necessary. Each party on whom the document will be served is represented by an attorney who will be served through the electronic filing system. Undersigned counsel is sending a copy to the Defendant via US Mail. This document is being filed on October 8, 2021.

        Respectfully submitted,

        */s/ Luke Newman*

        _____

        Luke Newman
        Luke Newman, P.A.
        908 Thomasville Road
        Tallahassee, Florida 32303
        850.224.4444 (office)
        850.224.9335 (fax)
        luke@lukenewmanlaw.com
        Fla. Bar No. 0859281
        Member of the Bar of this Court
        *Attorney for the Defendant*