IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA,

v.                                                                    Case No.: 5:21cr19-MW/MJF

SANTIAGO RODRIGUEZ-POMPA,

   *Defendant.*
_____/

### ORDER DENYING MOTION TO WITHDRAW GUILTY PLEA

On its own motion, this Court reconsiders Defendant's motion to withdraw his guilty plea, ECF No. 31. On September 29, 2021, this Court held a hearing on Defendant's motion and granted the motion on the record at the hearing. This Court noted on the record that the mere fact that Defendant moved swiftly to withdraw his guilty plea following his change-of-plea hearing, the limited prejudice to the Government based on the timing of Defendant's motion, and the heightened standard on appeal if this Court were to deny Defendant's motion, standing alone, do not warrant his requested relief. The linchpin in this Court's determination lay in the circumstance that a novel and intervening change in the law—even from a non-binding district court in Nevada—occurred almost simultaneously with Defendant's change-of-plea hearing.

This Court originally did not do a deep dive into the cases the Government cited because this Court did not want to prejudge the merits of Defendant's argument

challenging the criminal statute under which he has been charged. Instead, this Court relied upon the representations by defense counsel, which cast the Nevada district court's opinion as a new result fashioned from a more fully developed record whose scope and breadth extended beyond anything courts had previously considered. But upon returning to chambers after the hearing, this Court reviewed the district court cases the Government cited for the proposition that the Nevada district court's new decision was simply a new result premised on old arguments.

This Court recognizes that other courts, including the District Courts for the District of Oregon and the District of the Virgin Islands, have previously considered and rejected the arguments raised in the Nevada case. Not only that, but also these courts have considered nearly identical factual records based on expert testimony from the same experts. Accordingly, though defense counsel does his best to distinguish the Nevada case from others coming before it, the Nevada district court's decision is not a novel change in the law based on a more deeply developed factual record. Instead, it is simply a new result based on old arguments.

It is important for courts to acknowledge when they get it wrong. Here, this Court got it wrong in granting Defendant's motion to withdraw his guilty plea. Having reconsidered the motion and the parties' arguments, Defendant's motion to withdraw guilty plea, ECF No. 31, is **DENIED**. In so stating, this Court in no way suggests Defendant's constitutional argument challenging the law under which he

was charged and has pled is without merit. Sentencing shall proceed as scheduled. But in light of the litigation regarding this issue, if defense counsel needs additional time to prepare for sentencing, he need only contact the courtroom deputy to set a later date that is convenient for both parties.

**SO ORDERED on October 12, 2021.**

<u>s/Mark E. Walker</u><br>
**Chief United States District Judge**